**Bruce DAVIS, Petitioner–Appellant,**

v.

**D.K. BUTLER, Warden, Respondent,**

**and**

**Attorney General of the State of California; Kathleen Prosper, Respondents–Appellees.**

No. 05–17281.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2006.*

Filed Dec. 7, 2006.

---

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Bruce Davis, Represa, CA, pro se.

Quin Denvir, Esq., Carolyn M. Wiggin, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

John A. O'Sullivan, Esq., Sharon Elizabeth Loughner, Esq., Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and HENDERSON **, District Judge.

## MEMORANDUM ***

█ Petitioner–Appellant Bruce Davis appeals the denial of his habeas petition. Davis first challenges the state court's denial of his motion to sever the two robbery counts for trial. Improper joinder of separate counts at trial "rise[s] to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his [constitutional] right to a fair trial." *United States v. Lane,* 474 U.S. 438, 446 n. 8, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). The state appellate court's decision to affirm the trial court's denial of Davis's motion to sever was not objectively unreasonable. The evidence as to each count would have been cross-ad-

missible in separate trials, and both cases involved evidentiary cases of equal strength. In addition, the failure to sever despite the possibility that Davis may not have testified on both counts at separate trials was not an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

█ Davis next argues that he was denied his constitutional right to cross-examine a witness when the trial court denied his request to submit a handwriting sample during his own testimony. This claim is properly construed as one based on the violation of the constitutional right to present a defense rather than the right to cross-examine a witness.

█ It has been clearly established by the Supreme Court that the Constitution guarantees "a fair opportunity to defend against the State's accusations," *Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and "a meaningful opportunity to present a complete defense," *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Under the circumstances of this case, it was not objectively unreasonable for the state appellate court to conclude that the proffered handwriting evidence had little or no probative value. Davis does not contend that the handwriting evidence constituted a major part of the defense, nor was it the sole evidence going to Davis's identity as the person who committed the Wells Fargo robbery.

█ In his third claim, Davis challenges the trial court's admission of evidence regarding a photographic lineup. Admission of identification testimony only violates

---

** The Honorable Thelton E. Henderson, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the constitutional right to due process if both (1) the identification procedure "is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification and (2) the identification is not sufficiently reliable to outweigh the corrupting effects of the suggestive procedure." *Van Pilon v. Reed,* 799 F.2d 1332, 1338 (9th Cir.1986) (citations omitted). Thus, "[i]f we find that a challenged procedure is not impermissibly suggestive, our inquiry into the due process claim ends," and we need not analyze the reliability factors. *United States v. Bagley,* 772 F.2d 482, 492–93 (9th Cir.1985). In this case, the state appellate court's determination that the identification procedure was not impermissibly suggestive was not objectively unreasonable. The four photographs presented alongside Davis's photograph were not "grossly dissimilar in appearance" from Davis's. *United States v. Wade,* 388 U.S. 218, 233, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Nor was there anything about the photographic lineup that would have "emphasize[d] the focus upon" Davis. *Bagley,* 772 F.2d at 493.

■ Finally, Davis contends that he was denied his constitutional right to due process because the Wells Fargo robbery conviction is not supported by sufficient evidence. To grant habeas relief, we must conclude that it was objectively unreasonable for the state court to have determined, "after viewing the evidence in the light most favorable to the prosecution, [that] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Juan H. v. Allen,* 408 F.3d 1262, 1274–75 (9th Cir. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1142, 163 L.Ed.2d 1000 (2006).

Davis cannot meet such a high burden in this case.

Accordingly, for all of the above reasons, the district court's denial of Davis's habeas petition is **AFFIRMED.**